

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00206-CV

_____

## EX PARTE JACOBY STEVE GOMEZ

On Appeal from the 106th District Court
Lynn County, Texas
Trial Court No. 13-10-07060; Honorable Carter T. Schildknecht, Presiding

June 20, 2014

## ORDER DENYING MOTION TO DISMISS

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Pending before this Court is a motion to dismiss this appeal for want of jurisdiction filed by Appellee, Jacoby Steve Gomez. For the reasons expressed herein, we deny Gomez's motion.

Appellant, the Texas Department of Public Safety, filed a *Notice of Restricted Appeal* on May 23, 2014, challenging the trial court's *Order of Expunction*, wherein it averred that it did not participate, personally or through counsel, in the hearing that resulted in the final judgment it is appealing and did not file any postjudgment motions,

request for findings of fact and conclusions of law, or notice of appeal. By his motion to dismiss, Gomez argues the Department's notice of appeal is untimely because it was not filed within thirty days after the trial court's order was signed. *See* TEX. R. APP. P. 26.1. He maintains this Court lacks jurisdiction to consider the merits of the Department's appeal. We disagree.

Rule 30 of the Texas Rules of Appellate Procedure provides that if a party did not participate in the hearing that resulted in the judgment complained of and did not file a postjudgment motion or request for findings of fact and conclusions of law, or a notice within the time permitted by Rule 26.1(a), that party may file a notice of appeal within the time permitted by Rule 26.1(c). That rule allows a party to file a notice of restricted appeal within six months after the date the order complained of is signed. TEX. R. APP. P. 26.1(c).

The expunction order was signed on December 3, 2013, making the deadline for filing a notice of restricted appeal June 3, 2014. The Department's notice filed on May 23, 2014, is timely and therefore invokes this Court's jurisdiction to consider the merits of its appeal. Appellee's motion to dismiss is denied.

It is so ordered.

Per Curiam